## BURCH *vs.* WARD.

1. This case decides no legal principle, but only the bearing of facts in the particular case.

*Certiorari,* in Fayette Superior Court.   Decision by Judge HAMMOND, at September Term, 1859.

Morton N. Burch sued out a *certiorari* to correct the verdict and judgment rendered in a Justices' Court in certain suits wherein he was plaintiff and Miles Ward was defendant. The suits were brought on dormant judgments, alleged to have been formerly obtained by Burch against Ward in said Justices' Court.

The following proceedings were had on the trial in the Justices' Court on the appeal : Plaintiff offered in evidence the original summons, and called for the docket upon which the judgments were entered, which could not be found or produced; plaintiff then proved by one Brassell, that he, Brassell, had once acted as a Justice of the Peace in that same district ; that he was the successor of John McLain, the Justice before whom the judgments sued on were obtained.   Witness

Burch *vs.* Ward.

had the old docket in his possession, and examined it in reference to these cases, and there were four or five judgments entered thereon, signed by McLain, J. P.; that in 1856 McLain sent to him for said docket, which he sent to him and had never seen it since.

Joseph McLain proved that he got said docket from Brassell, his successor in office, and that he let .Oliver Pearson have it, and had never seen it since, and did not know where it was.

Mrs. Pearson, the widow of Oliver Pearson, testified that she had never seen said docket, either before or since her husband's death; she was familiar with his books and papers; was executrix and John Whitaker executor of her late husband; Whitaker had taken off some of the papers, but never a docket; had never made a search for said docket, but had never seen it, and believed that if it was in the house she would have seen it; there was a drawer in the house that she had never examined particularly.

Plaintiff then proved by N. Miller that he, witness, was one of the appraisers of Pearson's estate—examined his books and papers, but saw no docket, except the one Pearson had used while he was a Justice.

Plaintiff having laid this foundation, offered in evidence one of the executions. Defendant objected, on the ground that there was no evidence that there ever had been a judgment. The objection was overruled and the execution admitted. Here plaintiff closed.

Defendant tendered in evidence two notes, one for $40 00 and the other for $28 00, signed by Jesse Ward as principal, and Miles Ward as security, payable to Oliver McLain, and dated in 1835. Plaintiff objected to the introduction of said notes. Defendant stated that his object was to show that Jesse Ward had an interest in the suits now being tried, and that they had all been settled by Miles Ward, he having paid off said two notes on which he was security for Jesse. Plaintiff admitted that Jesse Ward had an interest in the suits. Plaintiff further objected to the introduction of said notes, on the ground that they bore date prior to the rendition of the judgments sued on. The objections were overruled and the notes admitted and read to the jury. Defendant then proved by one James Ward, that in 1838, Jesse Ward told him to tell Miles Ward, that if he would pay off the two notes, that

it should be a full payment of all demands said Jesse held against said Miles. Did not know what demands Jesse held against Miles in 1838; did not know whether Jesse at that time had any interest in the cases now in Court; did not know whether the debt now sued on existed then or not. On being asked upon re-examination what debts Jesse Ward held against Miles in 1838, he answered : " Of course it was the Burch papers, and that it was these Burch papers that were to be settled."

Defendant further proved that Mr. Grice, the attorney for plaintiff, was employed by Andrew McBride and Jesse Ward, and that he, defendant, had been able for the last 15 years to pay all his debts.

Upon this testimony, the jury found for the defendant, and plaintiff excepted, first, because the Justice Court erred in admitting in evidence said notes. Second, because the verdict was contrary to law and evidence, and applied for a *certiorari*, to recover and correct said finding and judgment.

The Judge of the Superior Court, the Hon. D. F. HAMMOND, upon hearing the case, ordered the *certiorari* to be dismissed. To which decision counsel for plaintiff excepts.

S. C. GRICE, and TIDWELL & WOOTEN for plaintiffs in error.

J. L. BLALOCK, *contra.*

*By the Court.*—JENKINS, J., delivering the opinion.

A view which shows the materiality of the notes introduced in evidence by the defendant, and which removes all the difficulties stated by the plaintiff, and reconciles the testimony of the witness, Ward, with the other facts in the case, is this : Jesse Ward being jointly interested with Burch in a debt which Burch held against Miles Ward, and which was unreduced to judgment, agreed with Miles that the debt should be considered as paid whenever Miles should take up these notes wherein Jesse was principal and Miles security. There was delay in taking up the notes, and the Burch debt remaining unpaid, went to judgment. *After* judgment Miles took up the notes, and thereby paid the judgment un-

der the agreement which had begun before judgment and continued after it. This view is consistent with all the evidence in the case, and we think the verdict in conformity with it ought not to be disturbed, and that the notes in support of it were properly admitted.

Judgment affirmed.